Dr. Peter J. Seiler, Superintendent Arkansas School for the Deaf 2400 W. Markham P.O. Box 3811 Little Rock, Arkansas 72203
Dear Dr. Seiler:
This letter is a response to your request for an opinion regarding your wife's application for a teacher's position at the Arkansas School for the Deaf. You have presented the following specific question:
 May Debra Seiler be hired as a teacher at the Arkansas School for the Deaf, considering the fact that her husband, Dr. Peter Seiler, is superintendent of the school?
It is my opinion that Debra Seiler may not be hired as a teacher at the Arkansas School for the Deaf.
The Governor's Policy Directive No. GPD-8, on Personnel Administration for state employees (dated January, 1995) provides, with regard to nepotism, as follows:
 Relatives may not work in any capacity in situations where one relative might supervise another.
In addition, the 1995 legislature repealed the prior law governing this matter, A.C.A. § 6-43-104(c), which, although prohibiting the superintendent from hiring family members, allowed him to hire his wife to fill teaching and other positions. See Acts 1995, No. 1192, § 1.
Both the governor's directive and the repeal of A.C.A. § 6-43-104(c) are consistent with section 3 of Acts 1995, No. 1192, which made A.C.A. §21-8-304 applicable to the Arkansas Schools for the Blind and Deaf. Arkansas Code Annotated § 21-8-304 prohibits state employees from using their positions to secure privileges for themselves or family members that are not available to others. The hiring by the superintendent of his wife could carry the appearance of a violation of A.C.A. § 21-8-304, whether such a violation was actual or not.
Although it could be argued that the superintendent should be allowed to hire his wife for a position over which he does not exercise direct
supervision, the argument would likely be overshadowed by the provisions of A.C.A. § 6-43-104, which gives the superintendent hiring and firing authority over all school employees, and by the provisions of A.C.A. §6-43-306, which requires teachers (and other employees) to perform "such other duties as the superintendent may direct. . . ." Even if the superintendent does not exercise direct supervision of the position for which his wife is hired, these statutory provisions appear to create the type of supervisory relationship which the governor's directive seems to be aimed at avoiding.
I therefore conclude that the wife of the superintendent of the School for the Deaf may not be hired to fill a teacher's position in that school.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh